UNITED STATES *v.* GUION.

*(District Court, E. D. Missouri, E. D. January 14, 1889.)*

ELECTIONS AND VOTERS—INTIMIDATION OF VOTER.
   Where the evidence tends to show that defendant was at the polls for the purpose of scrutinizing the vote cast, and it does not appear that he acted with evil motive or intent in challenging a vote, a conviction cannot be had, under Rev. St. U. S. § 5511, for "inducing a voter by threat or intimidation to refuse to vote."

Indictment for Intimidation of Voter. On demurrer to evidence.

The indictment in this case was framed under section 5511, Rev. St. U. S., and charged that defendant unlawfully, by threats and intimidation, induced one Samuel Butler, a duly-qualified voter, to refuse to vote at an election, held for a representative in congress of the United States, in the city of St. Louis, on November 6, 1888. At the conclusion of the government's case a demurrer was interposed to the testimony.

*Thomas P. Bashaw*, U. S. Atty.

*Thomas B. Harvey*, for defendant.

THAYER, J., *(orally.)* To make out the offense defined by section 5511, Rev. St. U. S., "of inducing a voter by threat or intimidation to refuse to vote," it must appear, either directly or by fair inference from the proof, that the accused acted with evil motive or intent. That is to say, it should appear that he threatened or intimidated a person whom he knew or had reason to suppose was a duly-qualified voter. If a citizen at the polls challenges the right of another citizen to vote, and does so in good faith, believing that the party challenged is not a qualified voter, no offense is committed under the statute, although the challenge is accompanied with a threat to have the party arrested and prosecuted if he persists in voting. In the present instance, all the evidence on behalf of the government, in my opinion, tends to show that the accused acted in good faith, without evil intent. It tends to show that the accused was at the polls for the purpose of scrutinizing the vote cast, and that he believed that Butler was not a qualified voter, and that he challenged his vote solely in consequence of such belief. If any fact has been proven tending to show that the accused acted *mala fide,* that is to

say, with intent to deprive a citizen of his vote, whom he supposed or had reason to believe was a legal voter, I have failed to note it. The jury must be instructed to acquit. A construction must not be placed on the statute that will deprive a citizen of his right of challenge, as that right in many cases is quite as important as the right to vote. Furthermore, the law was not intended to restrict the right of challenge, when exercised in good faith. The jury will return a verdict of not guilty.